**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**JANUARY SESSION, 1998**

FILED

May 15, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | **)** | **C.C.A. NO. 01C01-9702-CC-00065** |
| | **)** | |
| Appellee, | **)** | |
| | **)** | |
| | **)** | **COFFEE COUNTY** |
| **VS.** | **)** | |
| | **)** | **HON. JOHN W. ROLLINS** |
| **JAMES KEVIN MESSICK,** | **)** | **JUDGE** |
| | **)** | |
| Appellant. | **)** | (Sentencing) |

**ON APPEAL FROM THE JUDGMENT OF THE
CIRCUIT COURT OF COFFEE COUNTY**

FOR THE APPELLANT:

MICHAEL J. FLANAGAN
DALE M. QUILLEN
95 White Bridge Road #208
Nashville, TN 37205

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

ELLEN H. POLLACK
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

C. MICHAEL LAYNE
District Attorney General

STEPHEN WEITZMAN
Assistant District Attorney General
Manchester, TN 37355

OPINION FILED _____

MODIFIED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant, James Kevin Messick, appeals pursuant to Rule 3, Tennessee Rules of Appellate Procedure. He was convicted by a Coffee County jury of one count of theft over one thousand dollars ($1,000.00), a Class D felony.[1] He was sentenced to four years as a standard, Range I offender to serve nine months in the Coffee County Jail and the balance in community corrections. He was fined $2,500.00, ordered to pay $7,200.00 in restitution and to perform 250 hours of community service. The Defendant argues one issue on appeal: that the trial court erred in failing to grant him full probation. Although we decline to allow full probation, we modify the manner of service of the sentence.

Because the Defendant has not challenged his conviction in this appeal, we only briefly summarize the facts. The Defendant had been employed by Garner's Furniture as a delivery person for seven years. In May, 1995, a store employee reported to the manager of the store that several hundred dollars were missing from the store's money bag. The manager contacted the Manchester Police Department, and the police set up a surveillance camera in the store. They recorded the serial numbers of the cash kept in the money bag that was kept in an employee's desk drawer. The police then videotaped the Defendant rifling through the money bag. He did not take any cash at that time, but later returned and took some of the cash.

---

[1] Tenn. Code Ann. §§ 39-14-103; 39-14-105(3).

The store's bookkeeper conducted an audit and discovered that during a two-year period, twenty-five to thirty thousand dollars had disappeared. When questioned, the Defendant admitted to stealing $1,000.00 on one occasion and $1,500.00 on another, but later confessed to stealing over $5,000.00 from the furniture store. He initially surrendered from his pocket $1,000.00 in one-hundred dollar bills whose serial numbers matched those recorded from the money bag. The police returned the $1,000.00 to the furniture store. The Defendant later took the police to his home where he turned over $7,200.00 from a lockbox. The money was retained as evidence for trial. The Defendant was convicted of theft over $1,000 and now appeals his sentence, asserting that the trial court erred by failing to grant him full probation.

When an accused challenges the length, range, or the manner of service of a sentence, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the defendant made on his own behalf; and (g) the potential or lack of

potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; see State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

The presentence report reflects that the Defendant was twenty-six years old at the time of sentencing. He was married, with a two-year-old daughter and a one-year-old son. He graduated from Coffee County High School in 1988 and had pursued no further formal education. He reported no serious physical or emotional problems, admitted to some alcohol use when he was twenty-one and denied any drug use. He and his wife lived with his parents, who were in ill health. The Defendant had maintained steady employment from 1987 until the offense in question, and was working at the Marine Group in Murfreesboro, Tennessee at the time of sentencing. The victim impact statement completed by the store manager recommended that the Defendant "should 'get a taste' of shock incarceration" because he believed that the Defendant had not shown remorse.

A sentencing hearing was conducted on June 28, 1996. The Defendant represented himself because his former counsel had been suspended from the practice of law and he said he was unable to secure representation prior to the

sentencing hearing. Laura Prosser, a probation officer, testified that the Defendant admitted to stealing only part of the total amount missing from the furniture store. The Defendant had stated he was not raised to steal, but was not openly remorseful. Jeff Cox, of Brad Ragan Tire and Appliance, testified that the Defendant had a credit account with the store that he paid off in September of 1993. Thereafter, the Defendant made only cash purchases at the store, which totaled some $11,000.00. The Defendant paid for the purchases with large denomination currency, mainly one hundred dollar bills. Some of the large purchases were lawnmowers, appliances, tires, and miscellaneous items.

The Defendant testified that he made some of the purchases from Brad Ragan Tire and Appliance on behalf of his mother and father and that they provided the money. He was maintaining his father's lawn care business because his father was sick. The Defendant also stated that his parents received disability money and that his mother received settlement money from her father's estate, which was used to pay for the items he purchased. He denied that he used one hundred dollar bills from Garner's Furniture.

The Defendant's mother testified that she and her husband paid for the items at Brad Ragan Tire and Appliance. The Defendant's brother testified that the lawnmowers were purchased with money he and the Defendant earned doing lawn care for their father's business. Their father could not work because he had lung cancer. He testified that they could earn $200.00 to $300.00 per week cutting grass. Most jobs paid between $20.00 and $50.00.

The trial court ordered that the Defendant serve the maximum sentence of four years with nine months incarceration in the Coffee County Jail and the balance to be served in community corrections. In imposing the sentence, the trial judge mentioned that the Defendant's background and education were positive factors. He also noted that the Defendant's actions violated the trust of the other employees at the furniture store. Finally, the trial judge stated that the Defendant was not entirely candid regarding the money he stole. However, the record does not affirmatively demonstrate that the trial judge gave due consideration to the principles of sentencing as is required, therefore, we conduct this review de novo without the presumption of correctness.

Although probation "must be automatically considered as a sentencing option for eligible defendants, the defendant is not automatically entitled to probation as a matter of law." Tenn. Code Ann. § 40-35-303(b) (1990) (Sentencing Commission Comments). This Court must begin its sentencing determination by reviewing the purposes of sentencing set forth in Tennessee Code Annotated section 40-35-102. State v. Davis, 940 S.W.2d 558,559 (Tenn. 1997).

If an accused has been convicted of a Class C, D or E felony and sentenced as an especially mitigated or standard offender, there is a presumption, rebuttable in nature, that the accused is a favorable candidate for alternative sentencing unless disqualified by some provision of the Tennessee Criminal Sentencing Reform Act of 1989. Tennessee Code Annotated section 40-35-102 provides in part:

(5) In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration;  and

(6) A defendant who does not fall within the parameters of subdivision (5) and is an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary.

The sentencing process must necessarily commence with a determination of whether the accused is entitled to the benefit of the presumption. Ashby, 823 S.W.2d at 169.   As our supreme court said in Ashby:  "If [the] determination is favorable to the defendant, the trial court must presume that he is subject to alternative sentencing.   If the court is presented with evidence sufficient to overcome the presumption, then it may sentence the defendant to confinement according to the statutory provision[s]." Id.  "Evidence to the contrary" may be found in applying the considerations that govern sentences involving confinement, which are set forth in Tennessee Code Annotated section 40-35-103(1):

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses;  or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

See Davis, 940 S.W.2d at 561; Ashby, 823 S.W.2d at 169.   The presumption can be successfully rebutted by facts contained in the presentence report,

evidence presented by the state, the testimony of the accused or a defense witness, or any other source provided it is made a part of the record.  State v. Bonestel, 871 S.W.2d 163, 167 (Tenn. Crim. App. 1993).

Beyond this, a defendant has the burden of establishing his or her suitability for total probation.  Tenn. Code Ann. § 40-35-303(b). To be granted full probation, a defendant must demonstrate that probation will "subserve the ends of justice and the best interest of both the public and the defendant."  State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996);  State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995) (citing Hooper v. State, 201 Tenn. 156, 161, 297 S.W.2d 78, 81 (1956)). The trial court must consider a sentence which is the "least severe measure necessary to achieve the purposes for which the sentence is imposed" and "[t]he potential or lack of potential for the rehabilitation or treatment for the defendant."  Tenn. Code Ann. § 40-35-103(4), (5).

In Bingham, we cited the following factors which, although "not controlling the discretion of the sentencing court," should be considered in determining the appropriateness of probation:

(1) The nature and characteristics of the crime, under Tenn. Code Ann. § 40-35-210(b)(4) (Supp. 1996);

(2) the defendant's potential for rehabilitation, under Tenn. Code Ann. § 40-35-103(5)(1990);

(3) whether full probation would "unduly depreciate the seriousness of the offense," under Tenn. Code Ann. § 40-35-103(1)(B) (1990); and

(4) whether a sentence of full probation would "provide an effective deterrent," under Tenn. Code Ann. § 40-35-103(1)(B) (1990).

-8-

<u>Bingham</u>, 910 S.W.2d at 456.

The Defendant was convicted of a Class D felony and therefore is entitled to the benefit of the presumption for alternative sentencing. We have reviewed the presentence report, which reflects no significant problems other than the offense in question. Mitigating factors applicable to the decision regarding alternative sentencing are that the Defendant's criminal conduct neither caused nor threatened bodily injury and that there was no prior criminal history. Tenn. Code Ann. § 40-35-113(1), (13). An enhancement factor is that the Defendant abused a position of private trust during the commission of the offense. Tenn. Code Ann. § 40-35-114(15). The State introduced testimony that the Defendant lacked remorse about the crime and that he was not candid about the money he stole.

We point out that the Defendant received a sentence of confinement followed by community corrections, which is a form of alternative sentencing. We are mindful that the Defendant bears the burden of proving his suitability for full probation. The record does not reflect that the Defendant met this burden during the sentencing hearing of showing that probation would "subserve the ends of justice of both the public and the defendant." The trial court's concerns regarding the Defendant's lack of candor and remorse are certainly factors to consider when determining whether confinement is necessary for deterrence of the Defendant and others in the community. The trial judge mentioned another case of embezzlement he handled the same day he sentenced the Defendant. However, we must certainly recognize that the Defendant was without the benefit of counsel during his sentencing hearing. In consideration of imposing the least

restrictive sentence to accomplish the sentencing principles, we reduce the period of incarceration to three months and affirm the trial court's order for the Defendant to serve the balance of his sentence in community corrections. We note that the trial court has the discretion to revoke a community corrections sentence upon a finding that the Defendant has violated the conditions of the agreement; the trial court may then order the Defendant to serve his sentence in confinement. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991).

Accordingly, we modify the term of incarceration to three months with the balance to be served in community corrections and remand to the trial court for entry of an order consistent with this opinion.

_____
DAVID H. WELLES, JUDGE


CONCUR:


_____
JERRY L. SMITH, JUDGE


_____
THOMAS T. WOODALL, JUDGE